IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHARON BOLDS,

  Plaintiff,

-VS-

NAVIENT SOLUTIONS, INC., f/k/a
SALLIE MAE, INC.,

  Defendant.
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

The Plaintiff, SHARON BOLDS, sues the Defendant, NAVIENT SOLUTIONS, INC., f/k/a SALLIE MAE, INC., and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1.   This is a civil action for money damages in an amount that exceeds $75,000.00, exclusive of costs, interest, and attorneys' fees.

2.   Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant NAVIENT SOLUTIONS, INC., f/k/a SALLIE MAE, INC., (hereafter "SALLIE MAE"), in violation of 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act of 1991 (hereafter "TCPA").

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§ 1331.

4. The alleged violations described herein occurred in Gwinnette County, Georgia. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## PARTIES

5. Plaintiff, SHARON BOLDS, is and was at all material times a natural person over the age of eighteen (18), who resides in the Snellville, Gwinnette County, Georgia.

6. Plaintiff SHARON BOLDS is the "called party" with respect to the calls described herein. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

7. At all times material hereto, Defendant, SALLIE MAE was a foreign corporation authorized to conduct business and conducting business in the state of Georgia, with its principal place of business at 2001 Edmund Halley Drive, Reston, VA. On or about May 1, 2014, SALLIE MAE changed its name to NAVIENT SOLUTIONS, INC., in connection with an internal corporate reorganization.

Defendant's principal place of business remains as described above. For purposes of consistency, Defendant shall be referred to herein solely as "SALLIE MAE."

## FACTUAL ALLEGATIONS

8.  At all times material hereto, the Plaintiff is and was a full time student and part-time elementary school teacher.

9.  Prior to the conduct at issue in this action, Plaintiff obtained a student loan from Sallie Mae.

10. In or about May of 2013, Defendant, SALLIE MAE began initiating calls to Plaintiff's cellular telephone number, (678) 887-9382, in an attempt to collect the above described alleged debt.

11. On September 25, 1013, the Plaintiff sent to Defendant SALLIE MAE a letter via certified mail, return receipt requested, article number 70131090000031495687, requesting, among other things, that Defendant SALLIE MAE cease from placing any further telephone calls to Plaintiff regarding the above described alleged debt, and to communicate with Plaintiff in writing only. *See* Exhibit "A" hereto.

12. On or about October 3, 2013, Defendant SALLIE MAE certified receipt of the letter described in paragraph (13) above, and the return receipt was provided to Plaintiff by the United States Postal Service. *See* Exhibit "B" hereto.

13. Plaintiff also verbally instructed Defendant on numerous occasions to cease placing calls to her aforementioned cellular telephone number.

14. Thereafter, Defendant SALLIE MAE continued initiating calls to Plaintiff SHARON BOLDs' aforementioned cellular telephone number in an effort to collect the above described alleged debt, disregarding Plaintiff's written and verbal instructions to cease placing such calls.

15. Defendant SALLIE MAE intentionally harassed and abused the Plaintiff on numerous occasions by and through their agents and representatives, including but not limited to calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass the Plaintiff.

16. To date, Plaintiff has received approximately two hundred calls (200) calls on her aforementioned cellular telephone number from Defendant since it certified receipt of Plaintiff's aforementioned letter on October 3, 2013, and the calls continue through the date of filing of this Complaint.

17. Despite Plaintiff demanding that Defendant SALLIE MAE to stop placing calls to her aforementioned cellular telephone number, Defendant SALLIE MAE, in an effort to collect the above described alleged debt, proceeded to engage in conduct in violation of the TCPA, as described herein.

18. Upon information and belief, the telephone calls at issue were placed by Defendant SALLIE MAE using an "automated telephone dialing system" or "autodialer," which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers, as defined by the TCPA, 47 U.S.C. § 227(a)(1).

19. Defendant SALLIE MAE initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" or "prior express invitation or permission" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

20. Alternatively, Defendant SALLIE MAE initiated each of the calls at issue to Plaintiff SHARON BOLDs' aforementioned cellular telephone number subsequent to Plaintiff's written and verbal revocations of any "prior express consent" or "prior express invitation or permission" Plaintiff may have previously provided to Defendant, or that Defendant mistakenly believed it had.

21. Additionally, none of the telephone calls at issue were placed by Defendant SALLIE MAE to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

22. Defendant SALLIE MAE consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors,

managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

23. Defendant SALLIE MAE has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

24. Defendant SALLIE MAE willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

25. Despite actual knowledge of its wrongdoing, Defendant SALLIE MAE continued the campaign of harassment and abuse.

26. Defendant SALLIE MAE's corporate policy is structured to continue to call individuals like the Plaintiff, despite these individuals requests to stop calling.

27. Defendant SALLIE MAE's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

28. Defendant SALLIE MAE followed its corporate policies when attempting to communicate with the Plaintiff in an effort to collect the alleged debt described herein.

29. Defendant SALLIE MAE has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

30. Defendant SALLIE MAE has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

## COUNT I
## VIOLATION OF THE TCPA AGAINST SALLIE MAE

31. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (30), as if fully set forth herein.

32. None of the calls at issue were placed by Defendant SALLIE MAE to Plaintiff's aforementioned cellular telephone number with the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

33. Alternatively, Defendant SALLIE MAE initiated each of the calls at issue to Plaintiff SHARON BOLDs' aforementioned cellular telephone number subsequent to Plaintiff's written and verbal revocations of any "prior express consent" or "prior express invitation or permission" Plaintiff may have previously provided to Defendant, or that Defendant mistakenly believed it had.

34. Additionally, none of the calls at issue were placed by Defendant SALLIE MAE to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

35. Defendant SALLIE MAE willfully and/or knowingly violated the TCPA with respect to Plaintiff SHARON BOLDS by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, invitation or permission, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

36. The TCPA provides Plaintiff with a private right of action against Defendant SALLIE MAE for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff SHARON BOLDS respectfully demands judgment against Defendant SALLIE MAE for statutory damages, actual damages, punitive damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

/s/ Madeleine N. Simmons
Madeleine N. Simmons, Esquire
Morgan & Morgan, P.A.
191 Peachtree St. NE, Suite 4200
Atlanta, GA 30303
Tele: (404) 965-8811
Fax: (404) 965-8812
Georgia Bar#: 581276
Counsel for Plaintiff

/s/ David P. Mitchell
*Pending Pro Hac Vice Admission*
David P. Mitchell, Esquire
Florida Bar No. 067249
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
DMitchell@ForThePeople.com
VMarrero@ForThePeople.com
PMitchell@ForThePeople.com
Counsel for Plaintiff

## <u>CERTIFICATION OF COUNSEL</u>

Pursuant to N.D. Ga. Local Rule 7.1 D, I hereby certify that this document is submitted in Times New Roman 14 point type as required by N.D. Ga. Local Rule 5.1(b).

/s/ Madeleine N. Simmons
MADELEINE N. SIMMONS
